IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**WESLEY JONES**                                                                                           **PLAINTIFF**

**V.**                             **CASE NO. 5:18-CV-105-BRW-BD**

**JAMES HAMPTON**                                                                                    **DEFENDANT**

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson. Any party may file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. By not objecting, any right to appeal questions of fact may be waived.

### II.   Discussion

A.  Background

Wesley Jones, formerly an inmate at the Lake Village City Jail ("City Jail"), filed this civil rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) Mr. Jones claims that Defendant James Hampton used excessive force against him and was deliberately indifferent to his serious medical needs.

Defendant Hampton has now moved for summary judgment, arguing that Mr. Jones failed to exhaust his administrative remedies before filing this lawsuit. (#18) Mr. Jones has not responded to the motion, and the time for responding has expired. (#22)

B.  Exhaustion

The Court is obligated to dismiss any claim that was not fully exhausted before the date a complaint was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

There are exceptions to the exhaustion requirement. For example, prisoners can be excused from exhausting administrative remedies when correction officials have prevented them from using grievance procedures or when officials have themselves failed to comply with administrative procedures. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001). But the exceptions to the exhaustion requirement are few. An inmate's subjective belief about the effectiveness of the grievance process does not excuse a failure to exhaust; nor does confusion about the requirements for exhaustion. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Exhaustion requirements vary from prison to prison because "it is the prison's requirements . . . that define the boundaries of proper exhaustion." *Jones v. Bock*, 549

U.S. 199, 218 (2007); see also *Woodford*, 548 U.S. at 91. Because Mr. Jones was an inmate at the City Jail at the time he filed this lawsuit, he was obligated to comply with the specific requirements of the City Jail's grievance policy to fully exhaust his administrative remedies. *Id*.

In support of his motion, Defendant Hampton has attached the sworn statement of Bob Graham, the Jail Administrator of the Lake Village City Jail. (#21-1) According to Mr. Graham's testimony, an inmate file is kept for every inmate detained at the City Jail, and "there are no grievance forms in Mr. Jones's file." (*Id*. at p.2)

In addition, Defendant Hampton provides his own declaration in support of his motion. (#19-4) According to Defendant Hampton, he offered Mr. Jones a grievance form on "more than one occasion," but Mr. Jones "never requested a grievance form." (*Id*. at p.1)

Here, Mr. Jones has not come forward with any evidence to show that he did exhaust administrative remedies or that his failure to exhaust should be excused. Under settled law, Mr. Jones was required to grieve Defendant Hampton's conduct and to fully exhaust the grievance before filing suit. He did not do so.

**III.    Conclusion**

The Court recommends that Defendant Hampton's motion for summary judgment (#18) be GRANTED. Mr. Jones's claims should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies.

DATED this 16th day of October, 2018.

                                                              /s/ Billy Roy Wilson
                                                             UNITED STATES MAGISTRATE JUDGE